UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1232 CDP |
| ) | |
| ROBERTSON FIRE ) | |
| PROTECTION DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This action was commenced on July 11, 2012, when plaintiff United States of America filed its complaint against defendant Robertson Fire Protection District, alleging that Robertson violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, by unlawfully retaliating against its employee, Steve Wilson, after he refused to participate in discrimination against two African-American employees and provided testimony about that matter in a deposition.  On August 7, 2012, Wilson filed his motion to intervene as a matter of right in this action, citing Federal Rule of Civil Procedure 24(a) and 42 U.S.C. § 2000e-5(f)(1).

Under 42 U.S.C. § 2000e-5(f)(1), an aggrieved employee has an absolute right to intervene in a civil action brought by the EEOC.[1]  42 U.S.C. § 2000e-

---

[1]This action was filed on behalf of the United States by the Department of Justice, "which shares responsibility for federal enforcement of Title VII with the [EEOC]."  *Connecticut v. Teal*,

5(f)(1); *see EEOC v. Woodmen of World Life Ins. Soc.*, 479 F.3d 561, 569 (8th Cir. 2007).  Under Federal Rule of Civil Procedure 24(a)(1), "on timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(a)(1).  In order for the motion to be timely, the court should consider factors such as "how far the proceedings have gone when the movant seeks to intervene, prejudice which resultant delay might cause to other parties, and the reason for the delay."  *Nevilles v. EEOC*, 511 F.2d 303, 305 (8th Cir. 1975) (internal citations omitted).

I conclude that Wilson's motion is timely.  He filed it less than one month after the United States filed its complaint in this court, and an answer has not yet been filed by Robertson.  Intervention at this time will not prejudice any of the parties.  I will therefore grant Wilson's motion to intervene, and he shall be permitted to file his complaint.[2]

Accordingly,

---

457 U.S. 440, 451 n.11 (1982).

[2]Attached to this motion to intervene, Wilson also filed a motion to join Chief David Tilley as a defendant in this case under Federal Rule of Civil Procedure 20.  Tilley is listed as a defendant in Wilson's intervenor complaint, which alleges claims under Title VII and 42 U.S.C. § 1981.  Wilson's complaint, which will be filed because I have granted his motion to intervene, already joins Chief David Tilley as a defendant, so I need not separately issue an order joining him as a defendant to this case.

**IT IS HEREBY ORDERED** that movant Steve Wilson's motion to intervene [#4] is GRANTED.

                                              _/s/ Catherine D. Perry_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of September, 2012.